Minute Order (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5706 | **DATE** | 8/24/2004 |
| **CASE TITLE** | SHARON SMITH vs. JOHN LAVELLE, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendants Michael Sheahan and Cook County's motion to dismiss plaintiff's request for punitive damages in Count II and all of Count III is granted. Plaintiff's request for punitive damages from Sheahan and Cook County in Count II is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | AUG 25 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 2004 AUG 24 PM 6:58 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHARON SMITH, as Special Administrator )
of Estate of JEFFREY SMITH, deceased, and as )
grandmother and next best friend of minors )
Tiara Smith, Jeff Smith, Jr. and Jayland Smith, )
)
          Plaintiff, )
)
vs. ) No. 03 C 5706
)
JOHN LAVELLE, ESTEBAN PERKINS, )
MORRIS RICHARDSON, CARLOS SANTOS, )
ALEXANDER VALENCIA, COOK COUNTY )
and MICHAEL F. SHEAHAN, Sheriff of Cook )
County, )
)
          Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Sharon Smith, mother of Jeffrey Smith and administrator of his estate, brought this action against Cook County; the Cook County Sheriff, Michael Sheahan; three officers of the Cook County Sheriff's Department; and two other Illinois residents, following the shooting death of her son. Plaintiff's three-count second amended complaint alleges claims for violations of 42 U.S.C. § 1983 (Counts I and II), and wrongful death under Illinois state law (Count III). Defendants Michael Sheahan and Cook County now bring a motion to dismiss plaintiff's request for punitive damages in Count II and all of Count III. The motion, for which plaintiff declined to file a response, is granted.

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the sufficiency of the complaint, not the merits of the case. Triad Assocs., Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989). In deciding a motion to dismiss the court must assume the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a

claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Plaintiff alleges that Jeffrey Smith was shot by an officer of the Cook County Sheriff's Department on May 3, 2002, and that he died two days later on March 5. Under Illinois' Tort Immunity Act, 745 ILCS 10/8-101, there is a one-year statute of limitations for tort actions brought against local entities or their employees. Plaintiff did not file her first complaint until August 14, 2003, over a year and five months after her son's death. Thus Count III is barred by the statute of limitations.

Plaintiff is also barred, as a matter of law, from seeking punitive damages from Sheahan and Cook County. In Count II, plaintiff alleges that Sheahan and Cook County are liable in their official capacities for the alleged violations of Jeffrey Smith's civil rights due to their custom, practice and policy of inadequate supervision of their employees. Though a local government can be liable for damages caused by the bad faith actions of its employees, *see* Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), it is immune from punitive damages in such circumstances. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271-72 (1981). Plaintiff's request for punitive damages from Sheahan and Cook County in Count II is stricken.

## CONCLUSION

For the foregoing reasons, defendant's motion is granted.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 24, 2004.